NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEZEKIAH ESAU BAKER, | No. 23-15497 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:21-cv-01332-GMN-NJK |
| CONSTITUENTS SERVICE DIVISION OF STATE OF NEVADA OFFICE OF THE ATTORNEY GENERAL, State of Nevada Office of the Attorney General and Unknown Employees Referred to in 04-22-21 Correspondence to Plaintiff Regarding; WEST STAR CREDIT UNION, in His and or Her Official Capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; LITCHFIELDCAVO.COM; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted July 18, 2023**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Hezekiah Esau Baker appeals pro se from the district court's order denying his Federal Rule of Civil Procedure 60(b) motion seeking to reopen his case following his voluntary dismissal without prejudice. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's denial of a Rule 60(b) motion. *Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion in denying Baker's motion to reopen his case because Baker failed to demonstrate a basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for relief under Rule 60(b)).

We do not consider Baker's contentions concerning the merits of the underlying case. *See Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019) ("[A]n appeal from the denial of a Rule 60(b) motion brings up for review only the denial of that motion, . . . not the underlying judgment."); *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) ("A voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal.").

All pending motions are denied.

**AFFIRMED.**